STATE v. WHITE

[163 N.C. App. 765 (2004)]

IV.

No. COA03-742

(Filed 20 April 2004)

**Criminal Law— judge's exercise of discretion—contradictory statements**

Convictions for second-degree burglary and felonious breaking and entering were upheld where the court denied the jury's request that certain evidence be restated, saying both that it

"could not" provide a transcript and that it was exercising its discretion in denying the request. Reading the court's statements as a disavowal of its discretion would make them nonsensical and contradictory. N.C.G.S. § 15A-1233(a).

Appeal by defendant from judgments entered 17 May 1996 by Judge Beverly T. Beal in Superior Court, Mecklenburg County. Heard in the Court of Appeals 16 March 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Joyce S. Rutledge, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Benjamin Dowling-Sendor, for defendant appellant.*

WYNN, Judge.

Following his convictions on charges of second-degree murder and felonious breaking or entering, Gene Anderson White, Defendant, contends the trial court erred by denying jury requests to review evidence presented at his trial. Upon review, we find no error in his trial.

The State presented evidence at trial tending to show that, in the early morning of 1 July 1995, Defendant shot and killed Ephraim Allen Beatty. After the jury began its deliberations, it sent a message to the trial court requesting to review the testimony of one of the witnesses and the gunshot residue tests of two people. Before bringing the jury back into the courtroom, the trial court informed counsel for Defendant and the State that

it is impossible to provide the testimony, and in my discretion I will advise them that I cannot provide that. The [gunshot residue] test results were part of the testimony of witnesses, but there has not been any documentation introduced into evidence, so I guess we can't give them that information. We can just tell them that is the way it is.

Neither the State nor defense counsel objected to the trial court's decision. The jury was brought into the courtroom and the trial court addressed it as follows:

Members of the jury, remember that I said in my instructions that it is your duty to recall the evidence. In my discretion, I cannot provide a written transcript of the evidence, so it is not possible to give you [the witness's] testimony and the [gunshot

residue] test results were part of the evidence, not a document that was introduced into evidence as to what the results were.

> If you will recall the evidence, and I am not going to attempt to recall it for you for to do so might mean that I would comment on the evidence or point out some evidence over and above other evidence, and all evidence is important. So, I am not in a position to do so, and I cannot do that. It is your recollection of the evidence which is important and upon which you must deliberate.

Later during its deliberations, the jury sent a second note to the trial court requesting a witness's police statements. The trial court noted that

> what I understand that to mean is that [the witness] was cross[-]examined about the statements that she made to the officers and some of those statements the jury heard about in the process of cross[-]examination, but the statements themselves are not in evidence . . . . so I will tell them that they cannot have the statements and it is their duty to recall the evidence and I have instructed the jury on prior inconsistent statements. So, I cannot give them the statements and they indicate that they understand.

When the jury returned to the courtroom, the trial court addressed the jury foreperson to ensure that it correctly comprehended the jury's request. The foreperson responded that the jury "wanted to get the statements, if they were admitted into evidence, but we weren't really sure of the specifics of the statement and we wanted to make sure that we were wording it correctly." The trial court thereafter instructed the jury that

> [i]n fact no written document was introduced into evidence in regards to that. The witness was asked questions about things she said at an earlier time and she answered those questions. That is part of the evidence in the case and not in a document that I can give you. So, that is just as when we were dealing with some things yesterday that are not in evidence. . . . What is in evidence is only the questions and answers about her statements made at an earlier time. You will recall what I instructed you in regard to statements given by a witness at an earlier time. . . .

When the foreperson noted that the jury was particularly interested in reviewing the evidence as to what point in time the witness made her earlier statements, the trial court responded as follows:

And here, again, we are at a point where the Court is prohibited, if you will, from me trying to recapitulate the evidence for fear that my recollection is erroneous. It is the duty of the jury to recall and remember all of the evidence. I am not in a position now, and in my discretion I cannot provide you with that information. That is what you all, in your deliberations, determine the facts to be.

Neither party's attorney objected to the trial court's response to the jury.

The jury found Defendant guilty of second-degree murder and felonious breaking or entering. The trial court sentenced Defendant to a minimum term of imprisonment of 188 months, and a maximum term of 235 months for the second-degree murder conviction. The trial court sentenced Defendant to a ten to twelve month term for his conviction of felonious breaking or entering. Although Defendant gave notice of appeal, his counsel failed to perfect the appeal. On 21 November 2001, this Court allowed Defendant's petition for writ of *certiorari* to review the trial court's judgments.

Defendant's sole contention on appeal is that the trial court committed prejudicial error by failing to affirmatively exercise its discretion under section 15A-1233 of the General Statutes, thereby entitling him to a new trial.

Section 15A-1233(a) of the General Statutes provides:

(a) If the jury after retiring for deliberation requests a review of certain testimony or other evidence, the jurors must be conducted to the courtroom. The judge in his discretion, after notice to the prosecutor and defendant, may direct that requested parts of the testimony be read to the jury and may permit the jury to reexamine in open court the requested materials admitted into evidence. In his discretion the judge may also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested.

N.C. Gen. Stat. § 15A-1233(a) (2003). Section 15A-1233's requirement that the trial court exercise its discretion "is a codification of the long-standing common law rule that the decision whether to grant or refuse a request by the jury for a restatement of the evidence lies within the discretion of the trial court." *State v. Barrow*, 350 N.C. 640, 646, 517 S.E.2d 374, 378 (1999). It is well established that, where the

trial court denies a request by the jury to review a transcript based upon its erroneous belief that it has no power or discretion to grant the request, such a denial is error and is reviewable. *See id*; *State v. Johnson*, 346 N.C. 119, 124, 484 S.E.2d 372, 375-76 (1997) (stating that " 'there is error when the trial court refuses to exercise its discretion in the erroneous belief that it has no discretion as to the question presented. Where the error is prejudicial, the defendant is entitled to have his motion reconsidered and passed upon as a discretionary matter.' ") (quoting *State v. Lang*, 301 N.C. 508, 510, 272 S.E.2d 123, 125 (1980)).

Our Supreme Court has ruled numerous times that where the trial court denies a request by the jury to review evidence based upon its erroneous perception that it has no discretion to grant the request, such denial constitutes error. For example, in *Barrow*, our Supreme Court concluded the trial court erred by failing to exercise its discretion in denying a request by the jury to review portions of the transcript. *Barrow*, 350 N.C. at 647-48, 517 S.E.2d at 378-79. In denying the jury's request, the trial court stated as follows:

> Ladies and gentlemen of the jury, although the Court Reporter obviously was taking down and continues to take down everything that's in fact been said during the trial, what she's taking down has not yet been transcribed. And the Court doesn't have the ability to now present to you the transcription of what was said during the course of the trial.

*Id.* at 646-47, 517 S.E.2d at 378. The trial court further explained that it was "not in the position to be able to comply with that request as far as any transcription of anything said by a witness during the trial[.]" *Id.* at 647, 517 S.E.2d at 378. Reviewing these statements by the trial court, the Supreme Court concluded the trial court's declaration that it lacked the ability to present the transcription suggested a failure to exercise discretion. The *Barrow* Court noted that, although the defendant had no right to copies of the transcript even if available, the trial judge was nevertheless required to exercise his discretion as to whether to have the court reporter read to the jury the testimony of these witnesses. *Id.* at 648, 517 S.E.2d at 379; *see also Johnson*, 346 N.C. at 124, 484 S.E.2d at 375 (holding that the trial court's response to the jury's request—"I'll need to instruct you that we will not be able to replay or review the testimony for you"—indicated that the trial court believed it did not have discretion to consider the request); *State v. Ashe*, 314 N.C. 28, 34-35, 331 S.E.2d 652,

657-58 (1985) (holding that the trial court failed to exercise its discretion in merely stating that the request could not be granted because there was "no transcript at this point").

In comparison to *Barrow*, our Supreme Court has also consistently upheld decisions of the trial court where it exercised discretion. *See, e.g., State v. Lawrence*, 352 N.C. 1, 27-28, 530 S.E.2d 807, 824 (2000) (concluding that the trial court did not impermissibly deny the jury's request to review certain testimony based solely on the unavailability of the transcript where the trial court instructed the jury as follows: "members of the jury, it is your duty to recall the evidence as the evidence was presented. So you may retire and resume your deliberation."), *cert. denied*, 531 U.S. 1083, 148 L. Ed. 2d 684 (2001); *State v. Fullwood*, 343 N.C. 725, 743, 472 S.E.2d 883, 892 (1996) (concluding that the trial court plainly exercised its discretion in denying the jury request to review testimony where it stated for the record that the testimony would not be sent into the jury room because the previous court reporter who had recorded the testimony had left, but added that the decision was in its discretion and reminded the jury to use its recollection of the evidence), *cert. denied*, 520 U.S. 1122, 137 L. Ed. 2d 339 (1997); *State v. Burgin*, 313 N.C. 404, 416, 329 S.E.2d 653, 660-61 (1985) (concluding the trial court properly exercised its discretion by telling the jury that, in its discretion, it refused to order the stenographer to type the transcript).

The central issue and distinguishing factor between these two lines of cases is the exercise of discretion on the part of the trial court. Where the trial court clearly indicates it is exercising discretion, a decision to deny a jury request will be upheld. Where the trial court indicates that it lacks discretion to grant or deny a request, such decision is error.

In the instant case, the trial court repeatedly averred both (1) that it "could not" provide the jury with a written transcript and (2) that it was exercising its discretion by denying the jury's request. If, as Defendant urges, we interpret the first statement to mean the trial court believed it had no authority or ability to provide the requested testimony, then these statements directly contradict one another. We do not agree with Defendant's interpretation, however, on the very basis that such an interpretation renders the trial court's statements nonsensical and contradictory. If the trial court truly believed it lacked the ability to provide the requested transcript, there would have been no basis for its repeated statements that it was exercising its discretion. If an act is impossible, it is not a discretionary act.

While we would encourage the trial court to use more care when articulating its grounds for denial of a jury request, we do not conclude the trial court's statements constituted a disavowal of its authority to exercise discretion. "When the trial court states for the record that, in its discretion, it is allowing or denying a jury's request to review testimony, it is presumed that the trial court did so in accordance with N.C.G.S. § 15A-1233." *State v. Weddington*, 329 N.C. 202, 208, 404 S.E.2d 671, 675 (1991). We therefore uphold the judgment of the trial court.

No error.

Judges HUNTER and TYSON concur.